Turney, J.,
delivered the opinion of the Court.
The bill in this case is demurred to, upon the ground that complainants have a plain, adequate, unembarrassed remedy at law. The demurrer is allowed by this Court.
The bill charges, substantially, that some time in 1861, John Á. "Williams left the State, went to Kentucky, and joined the Federal Army; that when he left he was indebted to some of complainants, who filed an attachment bill, attaching certain personal property. Their attachment suit matured, and the property was sold under a decree of the Chancery Court. At the sale, some of the complainants purchased of the property, and others were present, but did not purchase; others were not present; that "Williams, on the 3rd day of February, 1866, commenced an action in the Circuit Court of Union county, to recover of them the value of the personal property sold, in pursuance of said decree, by the Clerk and Master, whose personal representative is sued at law, and who is also complainant in the bill.
The prayer of the bill is, to enjoin the suit at law, &c. According to the statements of the bill, the fact of the purchase at a Chancery sale must be, of course, shown by the proof of the plaintiff at law. But if this were not so, under a proper state of pleading, that sale and purchase can be shown at law, and when shown, will acquit complainants who purchased, of liability to the action of "Williams. Those who were not present, or who did not purchase, are acquitted under the general issue. From the statements in the bill, we are unable to see any difficulty to complainants in making the *581 defense at law, as the general issue raises every question of defense, and admits all the necessary evidence to sustain it.
It is insisted by complainants, that theirs is a bill to execute a decree. We do not think so. In this instance, the decree had been executed, the property sold was taken possession of by the purchasers, and the sale, confirmed; the suit in the Chancery Court had ended, with nothing remaining to be done. A bill to execute a decree, is a bill assuming, as its basis, the principle of the decree, and seeking merely to carry it into effect. For example, such a bill may be filed where an omission has been made in consequence of all the facts not being distinctly on the record, or where, owing to the neglect of the parties to proceed under a decree, their rights have become embarrassed by subsequent events, and a new decree is necessary to ascertain them, or when a decree has been made by an inferior court of equity, the jurisdiction of which is not equal to-enforce it. Adams’ Equity, top p. 826, marg., 415.
It is also insisted, that the purchasers at the sale became quasi parties to the suit, and are, thereupon, entitled to the protection of the Court. s,This was so while the suit pended after their purchases, but at the termination of the suit they ceased to be parties, or in any way under the orders or control of the Court.
Much has been said in argument as to the regularity of the proceeding in the Chancery Court, under which the sale was made. That question is not before this Court, and we can make no decision of it.
The Chancellor disallowed the demurrer to the bill *582 before us. Answers were filed, proof taken, and the cause beard. The Chancellor decreed that 'Williams be perpetually enjoined from the prosecution of his suit at law.
The decree is reversed, the demurrer sustained, and the bill dismissed.